UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 12-49658-705 |
| **Bakers Footwear Group, Inc.,** ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | **Hearing Date:**   March 27, 2013 |
| ) | **Hearing Time:**   9:30 a.m. |
| ) | **Location:**   Courtroom 7 South |

**JOINT MOTION OF TRUSTEE AND SALUS CAPITAL PARTNERS, LLC FOR ENTRY OF ORDER (A) FINDING DIP LENDER HAS BEEN PAID IN FULL, (B) SEEKING AUTHORITY TO RETURN CASH COLLATERAL TO TRUSTEE, (C) FINDING DIP LENDER HAS NO FURTHER OBLIGATIONS TO THE TRUSTEE, THE ESTATE OR CREDITORS, (D) FINDING THAT ALL DIP LIENS ARE RELEASED, (E) FINDING THAT THE ESTATE HAS NO FURTHER OBLIGATIONS TO DIP LENDER, AND (F) GRANTING RELATED RELIEF**

COME NOW, Robert J. Blackwell, the trustee (the "**Trustee**") of the bankruptcy estate of Bakers Footwear Group, Inc. (the "**Estate**") in the above-captioned chapter 7 bankruptcy case (the "**Case**"), and Salus Capital Partners, LLC, as Administrative Agent, Collateral Agent and Lender (in such capacities, the "**DIP Lender**"), and move the Court (the "**Motion**") for entry of an order:  (a) finding that all of the DIP Obligations (as defined in the DIP Order referred to below) have been irrevocably paid in full and discharged; (b) authorizing the DIP Lender to return cash collateral in the amount of $621,907.73 (the amount of which includes cash, in the amount of $350,000, that would have been used to fund the Carve Out but for the conversion of the Case to chapter 7) to the Trustee; (c) finding that the DIP Lender has no further obligations in or related to this Case, including without limitation to the Trustee, the Estate or the creditors thereof (including any chapter 7 or 11 administrative expense claimant); (d) finding that any and all DIP Liens (as defined in the DIP Order referred to below) are hereby, and forever, released; (e) finding that the Estate has no further obligations of any kind whatsoever to the DIP Lender,

- 1 -

6
5669778v6

including but not limited to any claims, known or unknown, the DIP Lender has or may have against the Estate; and (f) granting related relief. In support of this Motion, the Trustee and the DIP Lender respectfully state as follows:

## Status of Case and Jurisdiction

1.  On October 3, 2012, the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United State Bankruptcy Court for the Eastern District of Missouri (the "**Court**"), with the Debtor continuing to operate its business as a debtor-in-possession.

2.  On January 18, 2013, the Court entered an order converting the chapter 11 case to a case under chapter 7 of the Bankruptcy Code and, on January 21, 2013, Robert J. Blackwell was appointed as the Trustee.

3.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. § 1408. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## Background

**A.**  *The DIP Financing*.

4.  On November 15, 2012, the DIP Lender and the Debtor entered into the Amended and Restated Senior Secured, Super-Priority Debtor-in-Possession Credit Agreement (the "**DIP Credit Agreement**"), pursuant to which the DIP Lender agreed to provide the Debtor with, among other things, capital necessary to continue its business operations and preserve and administer the value of the Estate.

5.  Also on November 15, 2012, the Court entered an order (the "**DIP Order**") approving the post-petition financing provided by the DIP Lender. Pursuant to the DIP Order,

the DIP Lender was granted (a) a first priority, valid, perfected and enforceable lien, subject only to the Carve Out and Permitted Prior Liens (each as defined in the DIP Order), upon substantially all of the Debtor's real and personal property and (b) a super-priority administrative claim in respect of all obligations under the DIP Financing Agreements (as defined in the DIP Order), subject to the Carve Out as set forth in the DIP Order.

**B.**     *The Conversion Order*.

6.     As set forth above, on January 18, 2013, the Court entered an order converting the chapter 11 case to a case under chapter 7 of the Bankruptcy Code and, on January 21, 2013, Mr. Blackwell was appointed as the Trustee.

7.     On January 22, 2013, the Court entered an order authorizing, *inter alia*, the Trustee to operate the business of the Debtor (the "**Conversion Order**").  The Conversion Order required the DIP Lender to fund, among other things, payment of all of the reasonable costs and expenses of the operation of the business of the Debtor, as set forth in a budget agreed upon by the Trustee and the DIP Lender, as well as chapter 7 administrative expenses, including the Trustee's commissions, professional fees and expenses.

8.     In addition, the Conversion Order provided that the Trustee and the DIP Lender "may agree, after payment of all applicable expenses of the operation of the business and payment of all applicable Chapter 7 administrative expenses, that [the DIP Lender's] claim or claims have been paid in full and file a Notice of such determination with this Court.  Absent timely objection, [the DIP Lender] shall thereafter be relieved of the obligations set forth in this Order."

6
5669778v6

**C.    *The Sale Process*.**

9.    On February 11, 2013, the Trustee filed a motion for an order authorizing, *inter alia*, the sale of certain of the Estate's assets to Zigi USA, LLC or its designee ("**Zigi**"). In addition, pursuant to such motion the Trustee sought authority to pay the super-priority claim of the DIP Lender, subject to the provisions of the Conversion Order.

10.    On February 28, 2013, the Court entered an order approving the sale to Zigi (the "**Sale Order**"). Paragraph 26 of the Sale Order provided that the super-priority security interest of the DIP Lender attached to the cash proceeds of the sale (net of cure amounts) immediately upon receipt of such proceeds by the Estate. In addition, paragraph 26 of the Sale Order stated that the amount of the DIP Lender's super-priority secured claim was $1,614,441.20 as of February 21, 2013, after applying cash on hand as of such date and subject to further receipts and authorized advances. Paragraph 26 of the Sale Order also approved and authorized the application of cash on hand as of the closing of the sale, as well as the sale proceeds (net of cure amounts and the Trustee's commission and his professionals' fees and expenses in accordance with the Conversion Order), to payment of the DIP Lender's claim. On February 28, 2013, the sale of certain of the Estate's assets to Zigi closed.

11.    As of March 13, 2013, the DIP Lender held $2,831,978.99 of the Estate's cash in a controlled account (the "**Collection Account**"). In accordance with the Sale Order, on that date the DIP Lender applied $2,210,071.26 of such funds to the payment of all outstanding DIP Obligations, the amount of which, after extensive negotiations, the DIP Lender agreed to reduce by $50,000 at the request of the Trustee.[1] To date, it has not been necessary to apply any of the

---

[1] The reduction of the DIP Obligations by $50,000 is contingent upon the Court's approval of this Motion pursuant to an order in form and substance satisfactory to the DIP Lender.

- 4 -

Zigi sale proceeds to the DIP Lender's claim as the amount of the DIP Lender's claim was less than the amount of funds held by the DIP Lender in the Collection Account.

12.  As of the date of this Motion, the DIP Lender continues to hold approximately $621,907.73 of the Estate's cash in the Collection Account.  The Trustee has conducted an extensive analysis of the Estate's assets and liabilities and has determined that the cash currently in the Collection Account, together with the cash held by the Trustee on behalf of the Estate (including the Zigi sale proceeds) and any cash proceeds from the liquidation of the Estate's other assets, is more than sufficient to enable the Trustee to pay all chapter 7 administrative expenses in full.  Accordingly, the Trustee has requested that the DIP Lender release the funds in the Collection Account to the Trustee.  The DIP Lender has informed the Trustee that it is willing to do so in the amount of $621,907.73 upon entry of an order, consistent with the Conversion Order, relieving the DIP Lender of any further obligations in or related to this Case, including without limitation to the Trustee, the Estate or the creditors thereof (including any chapter 7 or 11 administrative expense claimant)[2].

### Relief Requested

13.  By this Motion, the Trustee and the DIP Lender seek the entry of an order:  (a) finding that all of the DIP Obligations have been irrevocably paid in full and discharged; (b) authorizing the DIP Lender to return cash collateral in the amount of $621,907.73 (the amount of which includes cash, in the amount of $350,000, that would have been used to fund the Carve Out but for the conversion of the Case) to the Trustee; (c) finding that the DIP Lender has no further obligations in or related to this Case, including without limitation to the Trustee, the Estate or the creditors thereof (including any chapter 7 or 11 administrative expense claimant);

---

[2] For the avoidance of doubt, the Trustee reserves all rights under this Court's Order [docket no. 572] conditioned upon the entry of an order, in form and substance satisfactory to the Trustee, approving this Motion.

- 5 -

6
5669778v6

(d) finding that any and all DIP Liens are hereby, and forever, released;[3] (e) finding that the Estate has no further obligations of any kind whatsoever to the DIP Lender, including but not limited to any claims, known or unknown, the DIP Lender has or may have against the Estate; and (f) granting related relief.

14. As set forth above, the DIP Lender has applied, in accordance with the Sale Order, $2,210,071.26 of the funds previously in the Collection Account to the payment of all outstanding DIP Obligations. The DIP Lender continues to hold $621,907.73 of the Estate's cash in the Collection Account, over which the DIP Lender has sole dominion and control. In accordance with the DIP Credit Agreement, the DIP Lender is entitled to continue to hold such funds as collateral security for the DIP Obligations, including, without limitation, any contingent obligations and any funding made pursuant to the Conversion Order. In addition, the DIP Lender has a super-priority lien on the proceeds from the sale to Zigi pursuant to the terms of the Sale Order.

15. The Trustee believes that all obligations owing to the DIP Lender have been satisfied in full as of March 13, 2013, and seeks a finding to that effect from the Court. The DIP Lender has agreed that such a finding is appropriate, subject to the Court granting the relief requested in this Motion. Indeed, such a finding will bring finality to the DIP Lender's role in this Case and will give the Trustee and the Estate certainty that the DIP Lender has no further claims against the Estate. The relief requested in this Motion also will prevent the further accrual of interest and fees to the DIP Lender, thereby limiting the amount of the DIP Lender's claim against the Estate. Subject to the entry of an order approving this Motion, the DIP Lender

---

[3] For the avoidance of doubt, the release of the DIP Liens by the DIP Lender is conditioned upon the entry of an order, in form and substance satisfactory to the DIP Lender, approving this Motion and as to which the time for appeal or to seek permission to appeal therefrom has expired without an appeal or, if appealed, such order has been affirmed in its entirety, or in a manner satisfactory to the DIP Lender, by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.

has agreed to reduce the amount of the DIP Obligations by an additional $50,000, thereby further benefiting the Estate.

16. In addition, the Trustee has requested that the DIP Lender release the funds currently held in the Collection Account in the amount of $621,907.73 to the Trustee and release its lien on the proceeds of the Zigi sale. The funds held in the Collection Account include monies that the DIP Lender would have used to fund the Carve Out under the DIP Order but for the conversion of the Case.[4] In addition, monies in the Collection Account could be used by the DIP Lender to meet its funding obligations, if any, under the Conversion Order.

17. Notwithstanding any other paragraph in this Motion, the Trustee's joinder is due to, and conditional upon, the Estate receiving not less than $621,907.73 from the DIP Lender, plus any other funds of the Estate that the DIP Lender may receive on or after March 13, 2013.

18. The DIP Lender has informed the Trustee that it is willing to release the funds in the Collection Account in the amount of $621,907.73 to the Trustee, as well as its super-priority lien on the Zigi sale proceeds, subject to the Court finding that the DIP Lender has no further obligations with respect to the Carve Out and that the DIP Lender is relieved of any obligations under the Conversion Order. As further consideration for releasing its cash collateral and super-priority lien on the Zigi sale proceeds, the DIP Lender also seeks a determination that it has no further obligations in this Case to the Trustee, the Estate or any creditor thereof (including any chapter 7 or 11 administrative claimant).

19. Without such a determination from the Court, the DIP Lender will continue to hold the funds in the Collection Account in order to satisfy any obligations or other liabilities that may arise. In order to further secure such obligations, the DIP Lender also will continue to

---

[4] The relief requested herein shall not in any way affect the rights of any holder of a claim, as defined in Section 101(5) of the Bankruptcy Code, as to the final determination of the distribution of the Carve Out funds.

- 7 -

maintain that it has a lien on the Zigi sale proceeds as well as its DIP Liens.  As a result, such funds will not be available to pay the claims of administrative creditors absent an order from the Court.

20. Moreover, releasing the funds in the Collection Account to the Trustee without further litigation or cost will be beneficial to the Estate, as the Trustee can use such funds to pay the costs and expenses associated with winding-down the Estate, including payment of the Trustee's professionals and other expenses.

### Notice

21. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) all parties listed on the Master Notice List, last updated on January 10, 2013; (b) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; and (c) all persons or entities known to the Trustee that have or have asserted a chapter 11 administrative expense claim.  In light of the nature of the relief requested herein, the Trustee and the DIP Lender submit that no other or further notice is necessary.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY.]

WHEREFORE, the Trustee and the DIP Lender respectfully request that this Court enter an order, in the form attached as <u>Exhibit A</u> hereto, granting the relief requested herein and that it grant the Trustee and the DIP Lender such other and further relief as is just and proper.

Dated: March 13, 2013

Respectfully submitted,

ARMSTRONG TEASDALE LLP

_____
John Talbot (Tal) Sant, Jr.
Attorneys for DIP Lender
7700 Forsyth Boulevard
Suite 1800
St. Louis, Missouri 63105
(314) 621-5070 / Fax (314) 612-2284
Email:  jsant@armstrongteasdale.com


BLACKWELL & ASSOCIATES, P.C.


_____
Steven N. Beck / 61121MO
Attorneys for Trustee
2678 Babble Creek, P.O. Box 310
O'Fallon, Missouri  63368-8336
(636) 240-3632 / Fax (636) 240-6803
Email:  sbeck@blackwell-lawfirm.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No.: 12-49658-705 |
| **Bakers Footwear Group, Inc.,** | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |

**ORDER GRANTING JOINT MOTION OF TRUSTEE AND SALUS CAPITAL PARTNERS, LLC FOR ENTRY OF ORDER (A) FINDING DIP LENDER HAS BEEN PAID IN FULL, (B) SEEKING AUTHORITY TO RETURN CASH COLLATERAL TO TRUSTEE, (C) FINDING DIP LENDER HAS NO FURTHER OBLIGATIONS TO THE TRUSTEE, THE ESTATE OR CREDITORS, (D) FINDING THAT ALL DIP LIENS ARE RELEASED, (E) FINDING THAT THE ESTATE HAS NO FURTHER OBLIGATIONS TO DIP LENDER, AND (F) GRANTING RELATED RELIEF**

Upon review of the Joint Motion of Trustee and Salus Capital Partners, LLC for Entry of Order (A) Finding DIP Lender Has Been Paid in Full, (B) Seeking Authority to Return Cash Collateral to Trustee, (C), Finding DIP Lender Has No Further Obligations to the Trustee, the Estate or Creditors, (D) Finding That All DIP Liens are Released, (E) Finding That the Estate Has No Further Obligations to DIP Lender, and (F) Granting Related Relief (the "**Motion**") filed by Robert J. Blackwell, the trustee (the "**Trustee**") of the bankruptcy estate of Bakers Footwear Group, Inc. (the "**Estate**") in the above-captioned chapter 7 bankruptcy case (the "**Case**"), and Salus Capital Partners, LLC, as Administrative Agent, Collateral Agent and Lender (in such capacities, the "**DIP Lender**"), the Court **FINDS** that due and proper notice of the Motion has been given and that good and sufficient cause exists for the entry of an order granting the relief requested in the Motion, **HOLDS** that it is proper to grant the relief requested on that basis, and accordingly **ORDERS** as follows:

**IT IS HEREBY ORDERED** that the Motion be **GRANTED** as set forth herein;

5669778v6

**IT IS HEREBY FURTHER ORDERED** that all DIP Obligations (as defined in the DIP Order referenced in the Motion) shall be deemed irrevocably paid in full and discharged;

**IT IS HEREBY FURTHER ORDERED** that upon payment to the Trustee of the Cash Collateral in the amount of $621,907.73, and subject to its obligation below to promptly return any additional Estate funds it may receive to the Trustee, the DIP Lender shall have no further obligations in or related to this Case upon the time for appeal or to seek permission to appeal this Order having expired without an appeal (or, if appealed, this Order having been affirmed in its entirety, or in a manner satisfactory to the Trustee, by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review), including without limitation to the Trustee, the Estate or the creditors thereof (including any chapter 7 or 11 administrative expense claimant), and, without limiting the foregoing, the DIP Lender shall have no further obligations with respect to the Carve Out and shall be relieved of any obligations under the Conversion Order;

**IT IS HEREBY FURTHER ORDERED** that, as consideration for the foregoing relief granted in favor of the DIP Lender, the DIP Lender shall return to the Trustee cash collateral in the amount of $621,907.73 (which includes cash, in the amount of $350,000, that would have been used by the DIP Lender to fund the Carve Out but for the conversion of the Case) and shall return to the Trustee any other funds of the Estate it may receive on or after March 13, 2013;

**IT IS HEREBY FURTHER ORDERED** that, as consideration for the foregoing relief granted in favor of the DIP Lender, any and all DIP Liens (as defined in the DIP Order referenced in the Motion) shall be released automatically, without any further action by the Trustee or the DIP Lender, upon the time for appeal or to seek permission to appeal this Order having expired without an appeal (or, if appealed, this Order having been affirmed in its entirety,

5669778v6

or in a manner satisfactory to the DIP Lender, by the court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review); and

**IT IS HEREBY FURTHER ORDERED** that the Estate has no further obligations of any kind whatsoever to the DIP Lender, including but not limited to any claims, known or unknown, the DIP Lender has or may have against the Estate.

**DATED THIS \_\_\_\_ DAY OF _____, 2013.**

5669778v6