# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| BAKERS FOOTWEAR GROUP, INC., | Case No. 12-49658-705 |
| Debtor. | Hearing Date: March 27, 2013<br>Hearing Time: 9:30 a.m.<br>Location: Courtroom 7S, St. Louis |

**JOINDER OF PROFESSIONALS OF FORMER OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RESPONSE TO JOINT MOTION OF TRUSTEE AND SALUS CAPITAL PARTNERS, LLC FOR ENTRY OF ORDER FINDING DIP LENDER HAS BEEN PAID IN FULL AND RELATED RELIEF**

Pachulski Stang Ziehl & Jones LLP ("PSZJ"), Polsinelli Shughart PC ("Polsinelli"), and BDO USA, LLP ("BDO" and, together with PSZJ and Polsinelli, the "Committee Professionals"), the professionals to the former Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor (the "Debtor") hereby submit this joinder to Bryan Cave LLP's response to the *Joint Motion of Trustee and Salus Capital Partners, LLC for Entry of an Order (a) Finding DIP Lender has Been Paid in Full, (b) Seeking Authority to Return Cash Collateral to Trustee, (c) Finding DIP Lender has no Further Obligations to the Trustee, the Estate or Creditors, (d) Finding That all DIP Liens are Released, (e) Finding That the Estate has no Further Obligations to DIP Lender, and (f) Granting Related Relief* [Docket No. 718] (the "Motion"). In support hereof, the Committee respectfully represents as follows:

1. On November 15, 2012, the Court entered the *Order (1) Authorizing Replacement Post-Petition Financing, (2) Granting Liens and Providing Super Priority Administrative Expense Claim, (3) Authorizing Use of Cash Collateral, and (4) Modifying the Automatic Stay Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014* [Docket No. 281] (the "DIP Order") in the Debtor's

chapter 11 bankruptcy case. A true and correct copy of the DIP Order is attached hereto as Exhibit A.[1]

2. On March 13, 2013, Robert J. Blackwell, the chapter 7 trustee (the "Trustee") of the Debtor's bankruptcy estate, and Salus Capital Partners, LLC (the "DIP Lender"), filed the Motion seeking the entry of an order finding that all of the DIP Obligations have been satisfied and that the DIP Lender has no further DIP Obligations in this bankruptcy case.

3. Specifically, the Motion seeks authority for the DIP Lender "to return cash collateral in the amount of $621,907.73 (the amount of which includes cash, in the amount of $350,000, that would have been used to fund the Carve Out but for the conversion of the Case to chapter 7) to the Trustee." Motion at ¶ 13. However, the Carve Out is not property of the estate and is not subject to administration by the Trustee. *See In re US Flow Corp.*, 332 B.R. 792 (W.D. Mich. 2005). Furthermore, the Trustee is bound by the terms of the DIP Order:

> The provisions of this Order shall be binding upon and inure to the benefit of the DIP Lender, the Debtor, and their respective successors and assigns (including any trustee or other fiduciary hereinafter appointed as a legal representative of the Debtor or with respect to the property of the estates of the Debtor), any Committee(s) . . . whether in the Chapter 11 Case, in any Successor Case, or upon dismissal of any such chapter 11 or chapter 7 case.

DIP Order at ¶ 41.

4. Although the Committee Professionals support the Trustee's payment in full of the DIP Lender, $200,000 of the Carve Out has been earmarked for the Committee Professionals' fees. The Committee Professionals have each submitted a final fee application (collectively, the "Fee Applications"). The Fee Applications are scheduled to be heard by this

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the DIP Order.

Court on March 27, 2013 at 10:00 a.m. Accordingly, the Court's order approving the Motion should require the Trustee to set aside the Carve Out and direct the Trustee to promptly pay any amounts allowed pursuant to the Fee Applications out of the Carve Out.

5. Furthermore, the Court's order approving the Motion should be without prejudice to the rights of the Committee Professionals, whose claims might otherwise have been funded by the DIP Lender under the Carve Out. If the Debtor's estate did not have sufficient assets to permit the payment in full of the DIP Lender, Committee Professionals nevertheless would have been entitled to payment of their allowed fees and expenses to the extent of the Carve Out. Committee Professionals should not be in a worse position in a situation in which the estate's assets are sufficient to pay its secured lender.

WHEREFORE, the Committee Professionals respectfully request that the Court enter an order (a) directing the Trustee to set aside the Carve Out, (b) directing the Trustee to promptly pay from the Carve Out any amounts awarded pursuant to the Fee Applications, and (c) granting such other and further relief as is just and proper.

Dated:  March 20, 2013                                 PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Bradford J. Sandler (DE Bar No. 4142)
Shirley S. Cho (CA Bar No. 192616)
Jason Rosell (NY Bar No. JR-1500)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: bsandler@pszjlaw.com
           scho@pszjlaw.com
           jrosell@pszjlaw.com

-- and --

POLSINELLI SHUGHART PC

*/s/ Matthew S. Layfield*
Sherry K. Dreisewerd (47980MO)
Matthew S. Layfield (57540MO)
100 S. Fourth Street, Suite 1000
St. Louis, MO 63102
Telephone:  (314) 889-8000
Facsimile:   (314) 231-1776
Email:  sdreisewerd@polsinelli.com
            mlayfield@polsinelli.com

-- and --

BDO USA, LLP

*/s/ David E. Berliner*
David E. Berliner, Partner
100 Park Avenue
New York, NY 10017
Email: dberliner@bdo.com