UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case Number **12-49658-705** |
| **BAKERS FOOTWEAR GROUP, INC.**, ) | Chapter 7 |
| ) | Hearing Date **May 1, 2013** |
| Debtor. ) | Hearing Time **10:00 a.m.** |
| ) | Hearing Location **7th Floor South** |
| ) | |

## TRUSTEE'S MOTION TO APPROVE TRANSITION SERVICES AGREEMENT WITH BUYER AND REQUEST FOR RELATED RELIEF AND NOTICE OF HEARING

**WARNING:** Any response or objection shall be filed with the Court by April 30, 2013. (See L.R. 9013-1(B) and 9013-2(B), *or other Rules as applicable*). A copy shall be promptly served upon the undersigned. Failure to file a timely response may result in the Court granting the relief requested prior to the hearing date.

**PLEASE TAKE NOTICE** that a hearing to consider the Trustee's Motion will be held on **May 1, 2013 at 10:00 a.m.**, before the Honorable Charles E. Rendlen, United States Bankruptcy Court, 111 South Tenth Street, 7th Floor South Courtroom, St. Louis, MO 63102.

COMES NOW Robert J. Blackwell, Trustee of Baker's Footwear Group, Inc. ("Trustee" or "Seller") and as and for the Trustee's Motion to Approve Transition Services Agreement with Buyer and Request for Related Relief (the "Motion") states to the Court as follows:

1. Baker's Footwear Group, Inc. ("Debtor") filed this case as a Chapter 11 bankruptcy on October 3, 2012.

2. The case was converted to a Chapter 7 bankruptcy on January 18, 2013.

3. Robert J. Blackwell was appointed the Chapter 7 Trustee on January 21, 2013.

dc1970.p.v.2  1

**Background**

4. On January 21, 2013, the Order Granting Trustee's Motion to Authorize Trustee to Operate Debtor's Business (the "Operating Order") was signed authorizing the Trustee to operate the Debtor's business, which at that time consisted of 56 shoe stores in different states, an office located at 2815 Scott Avenue, St. Louis MO, a warehouse also located in St. Louis, MO, and a website.

5. On February 28, 2013, the Court approved an asset sale of substantially all of the Debtor's assets to Bakers 2013, LLC ("Buyer" and collectively with Seller, the "Parties") pursuant to an Asset Purchase Agreement dated February 11, 2013 ("APA"). The Court entered its Order authorizing and approving (B)(1) Approving Asset Purchase Agreement and Authorizing the Sale of Certain Estate Assets Outside the Ordinary Course of Business; (II) Authorizing the Sale of Assets Free and Clear of All Interests, Including Liens, Claims and Encumbrances; (III) Authorizing the Assumption, Sale and Assignment of Certain Executory Contracts and Unexpired Leases; (IV) to Pay Claim of Lender and (V) Granting Related Relief ("Sale Order").

6. The APA contained certain provisions requiring each party to reasonably cooperate with the other, and to take certain actions, to effectuate the terms of the APA, including that:

   a) "Seller will cooperate with the Buyer to see that the transfer of the Assets proceeds smoothly including for a reasonable time after the Closing Date." Paragraph 1.8 of APA.

   b) "The parties shall cooperate reasonably with each other ... do such other acts and things, all as the other Party may reasonably request for the purpose of carrying out the intent of this Agreement." Paragraph 4.5 and 4.5(c) of APA.

    c) "Hired Employees were to "reasonably cooperate with the Trustee as needed for the Trustee to complete administration of the Debtor's bankruptcy estate." Paragraph 4.6 of APA.

    d) the Buyer would not remove records and similar for a minimum of 10 days to allow the Trustee to obtain such records as needed and/or to copy and preserve the same, and close the books of the operation for further reporting requirements. Paragraph 1.1(a)(vii) of APA.

7. As described below more fully, certain issues arose between the Parties under, or as a result of, the APA. The parties, in an effort to resolve all issues, have entered into a Transition Services Agreement (the "Agreement"), subject to this Court's approval, which is attached hereto as "Exhibit A" and incorporated herein. By this Motion, the Trustee seeks approval of the Agreement.

### The Website, Disputed Inventory, and Web Sales

8. Shortly after closing the sale, the parties disagreed as to whether the existing inventory at the warehouse, which included approximately 5,000-5,500 units (pairs of shoes), was transferred to Buyer under the APA. Buyer also notified Seller that certain accounts were not in place to allow Buyer to conduct online sales through the website.

9. Pending resolution of ownership of the disputed inventory, website sales of the disputed inventory continued, the proceeds of which amounted to $34,000. These proceeds were deposited into Debtor's account in the ordinary course pending resolution of the disputed inventory, which were transferred to the Debtor's lender, Salus Capital Partners, LLC ("Salus"), pursuant to the DIP Order.

10. Pursuant to the Agreement and in consideration of other terms therein, and subject to court approval, the Parties agree that Buyer shall pay all costs and expenses of the operation of the website incurred after the closing date and Buyer will receive any existing disputed inventory and the $34,000 net proceeds thereof.

### Home Office Rent and Furnishings

11. The APA contemplated a transition period in which both the Seller and Buyer would have dual business operations located in 2815 Scott Avenue, St. Louis, MO 63103 (the "Home Office") for a period of time to effectuate the terms of the APA.

12. The parties both agree that more time and cooperation was needed than initially anticipated or than provided in the APA to effectuate its terms, including a smooth transition and transfer of the computer system, records, and information without disruption to either Buyer's operation or the bankruptcy estate.

13. Pursuant to the Agreement and in consideration of other terms therein, and subject to court approval, the Parties further agree as follows:

    a. Buyer agrees to pay toward the Estate's monthly administrative rent costs of $47,000 for the Home Office as follows:

        i. $13,000 for the month of March 2013; and

        ii. $34,000 for the month of April 2013;

    b. Buyer will be responsible for and remove all the cubicles and office furniture in the Home Office and either keep or dispose of the same, at no cost to the Seller.

   c. Buyer agrees to allow Seller use of a lift truck being used by Buyer and some of its employees, at a shared cost between the Parties, to aid the Seller in removal and storage of the records at the Home Office;

   d. Buyer agrees that Seller may pay some of its Hired Employees to do after hours work on a part time basis for the Trustee, at the Trustee's cost and expense, to close the books of the Debtor's business operations and to prepare necessary and required reports and tax returns.

### Warehouse

14. The Debtor leased warehouse space from Clark Properties, Inc. ("Landlord" or "Lessor") and due to having to maintain the website up to the day of closing, which required use of the warehouse, the Debtor was unable to vacate the warehouse.

15. Additionally the Debtor had equipment, chargers, pallet racks, conveyors, shelving, furniture and records going back to the 1990s and miscellaneous items in the warehouse. The APA provided that all equipment and items, other than the records, in the warehouse were the Buyers. Paragraph 1.1(a)(ix) of APA.

16. The warehouse lease was for approximately 161,000 square feet of space at $59,000 a month, which consisted of two "Bays," referred to as Bay 103 consisting of about 50,000 square feet and Bay 104 consisting of the remaining leased space.

17. The operation of the website required the use Bay 103.

18. The Seller did not assume and assign the warehouse lease to Buyer. However, Buyer is and has been operating the website and using Bay 103 since March 1, 2013.

19. Pursuant to the Agreement and in consideration of other terms therein, and subject to court approval, the Parties agree as follows:

dc1970.p.v.2                                                                                          5

    a.   The Buyer has agreed to lease Bay 103 from the Landlord at least for the months of March 2013 and April 2013 and Seller will receive a corresponding dollar-for-dollar credit from the Landlord for Buyer's lease payments for Bay 103, which would reduce the lease payments to be made by the Seller from $59,000 to approximately $42,000 a month;

    b.   The Seller is to receive the pallet racking, shelving, conveyors and equipment in Bay 104 (the "104 Equipment");

    c.   The Buyer has supplied and agrees to supply warehouse help for Seller in the indexing, compiling, stacking, moving and loading of the records on trucks for removal.

### The Mistaken Deposits of Buyer in Seller's Accounts

20. A bank made a mistake and funds generated solely by the Buyer through sales of Buyer's inventory (not purchased through APA) during the operation of some of the stores subsequent to the closing under the Sale Order, were delivered to Bank of America and thereafter sent to Salus (the "Mistaken Deposits").

21. These Mistaken Deposits were in the amount of $7,027.02.

22. These Mistaken Deposits were and are solely property of the Buyer.

23. Pursuant to the Agreement and in consideration of other terms therein, and subject to court approval, the Parties agree that any deposits made and that are turned over by Salus to the Trustee will be credited toward its rent payments as described in the Agreement.

24. The Seller and Buyer have worked together for mutual benefit in other ways pursuant to the Agreement and/or APA.

25. Approval of the Agreement is in the best interests of the estate, and is fair and reasonable, in the business judgment of the Trustee.

26. The Trustee requests that the Court approve the Transition Services Agreement attached hereto and incorporated herein as "Exhibit A" and that the Trustee be authorized to take any and all acts necessary to effectuate the terms of the Agreement.

### Waiver of Rule 6004(h)

27. Given the pressing timelines for matters to complete the winddown, Trustee requests that the 14 day stay of Bankruptcy Rule 6004(h), to the extent applicable, be waived.

### Notice

28. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) all parties listed on the Master Notice List, last updated on January 10, 2013; (b) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; and (c) all non-Debtor employee persons or entities known to the Trustee that have or have asserted a chapter 11 administrative expense claim. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

[Remainder of Page Intentionally left blank.]

WHEREFORE, the Trustee prays this Honorable Court make and enter its Order granting approval of the Transition Services Agreement; and that the Trustee be authorized to take any and all acts necessary to effectuate the terms of the Agreement; and for such other and further orders as the Court deems just and proper.

Respectfully submitted,
**BLACKWELL & ASSOCIATES, P.C.**

/s/ Steven N. Beck
Steven N. Beck / 61121MO
Attorney for the Trustee
P.O. Box 310, O'Fallon, MO 63366-0310
(636) 240-3632 / Fax (636) 240-6803
seck@blackwell-lawfirm.com

### CERTIFICATE OF SERVICE

I, Sarah Soutier, hereby certify that on April 19, 2013, a copy of this document was served on all parties receiving notice through Master Notice List No. 8 and Master Service List No. 8, both dated January 10, 2013, and the attached list of Chapter 11 claimants, either electronically through the Court's CM/ECF system.

/s/ Sarah Soutier

Exhibit "A"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:                                    )
                                          )
**BAKERS FOOTWEAR GROUP, INC.,**          )    Case Number  **12-49658-705**
                                          )
                                          )    Chapter 7
         Debtor.                          )

### TRANSITION SERVICES AGREEMENT

COMES NOW Baker's Footwear Group, Inc. (BFG) by and through the Chapter 7 Trustee, Robert J. Blackwell, and Baker's 2013, LLC (B2013) by and through its managing member, and as and for their Transition Services Agreement ("Agreement") state as follows:

WHEREAS, BFG is a Debtor in a Chapter 7 bankruptcy and Robert J. Blackwell is the Chapter 7 Trustee,

WHEREAS, BFG sold and B2013 bought certain assets of the Debtor pursuant to an Asset Purchase Agreement (APA) and Court Order approving the Sale pursuant to the terms of the APA dated February 28, 2013 (Sale Order), and

WHEREAS, pursuant to the APA the parties are to cooperate with each other during a transition period due at least in part to the fact that pursuant to the APA both parties would be occupying the Debtor's (BFG) office space for a period of time, and B2013 is entitled to certain records and assets and BFG is entitled to certain records and assets, all in the same location and some yet to be identified by B2013, and

WHEREAS, cooperation during the transition period is and was also necessary to fulfill the purposes and intents of the APA, and

dc1815.X                                                                         1

WHEREAS, B2013 was not prepared to operate the website that was purchased by B2013 the first few days of March, and the transition from BFG to B2013 requires a period of time to accomplish. To keep the website open B2013 paid the employees operating the website, and inventory that remained in the warehouse, which was claimed by both parties, was sold on the website. The proceeds of such sales from March 1 through March 8 were placed in the Chapter 7 Trustee's bank accounts until ownership of the inventory and all claims could be resolved, and

WHEREAS, some terms of the APA with respect to the rights and obligations of the parties are subject to interpretation and possible dispute, and the parties wish to enter into this Agreement to avoid unnecessary costs of litigation and to settle their possible or actual disputes and avoid confusion as the Trustee prepares to vacate the office space, and

WHEREAS, B2013 at this time has informed the Trustee that B2013 intends to remain in the office space at 2815 Scott Avenue up to April 30, 2013, and

WHEREAS, the Trustee has significantly reduced the Trustee's office operation, but several issues have arisen so the Trustee also must remain in the office space at present.

NOW THEREFORE, IN CONSIDERATION of the APA and the promises herein contained, BFG and B2103 agree as follows:

1. BFG will provide to B2013 the following:
   a. Access and occupancy at the office at 2815 Scott Avenue from March 1 to March 31, 2013 and through the month of April, 2013, and

dc1815.X

2

b. Use of all equipment and furniture located at 2815 Scott Avenue from March 1 to April 30, 2013 or until B2013 identifies the equipment and furniture it wants pursuant to the APA, or until surrender to the Lessor (copiers to be surrendered April 1, 2013, phone system to be returned by April 15, 2013 by B2013), and

c. Approval for B2013 to make changes in the office layout provided it does not interfere with the operations of BFG, and

d. Time up to April 15, 2013 for B2013 to get out of the side of the warehouse not being rented by B2013 (B2013 is only renting Bay 103 at the warehouse) with such equipment that B2013 will use in the future, and

e. Time and cooperation for B2013 to determine which merchandising and operation records B2013 will retain and time for B2013 to move those records to a designated area, up to April 24, 2013, and

f. The services of Dan Sweeney and Charlie Daniel up to March 22, 2013, and other employees, as reasonably needed without interfering with the operations of BFG.

2. B2013 will provide to BFG the following:

a. Rent reimbursement toward the March, 2013 office space rent at 2815 Scott Avenue in the amount of $13,000, and

b. Rent reimbursement towards the April office space rent at 2815 Scott Avenue in the amount of $34,000, and payment of the utility bills on the office (internet is to be handled separately or is to be determined), and

c. Employees conducting the web sales from and after March 1 shall be employees of B2013 and all wages, benefits and salary will be the sole responsibility of B2013, and

dc1815.X 3

    d. The use of Nancy Koesterer and other staff members as reasonably necessary, and

    e. The use of Dave Volkerson and other warehouse help and equipment as reasonably needed, and

    f. The use of and access to such systems as may be needed to obtain, protect and preserve records, and the time to do so and to complete such work as reasonably necessary, and

    g. The time and cooperation as necessary to compile, assemble and/or move the records BFG will retain.

BFG and B2013 have further agreed:

3. All items in the web warehouse, Bay 103 at the warehouse located at Union 70 Business Park, shall be deemed to have been sold to B2013 as of March 1, 2013, under the APA and/or in consideration of the provisions of this Transition Services Agreement.

4. The parties B2013 and BFG agree that each will own, retain and/or receive the property in the warehouse as shown on Exhibit "A", which is consistent with paragraph number 3 of the Transition Services Agreement.

5. In consideration of the resolution of the ownership of the inventory as belonging to B2013 as set forth herein, all net proceeds (which both parties are aware are presently in the possession of Salus Capital Partners, LLC, due to a lockbox arrangement in early March, 2013) from the sale of such inventory from and after March 1, 2013, after deduction of the percentage that will be taken by credit card servicing and/or bank service charges (the "Net Proceeds"), shall first be applied

as a credit towards the $13,000 rent to be paid by B2013 to BFG. The Net Proceeds exceed the $13,000 rent support.

6. The Net Proceeds shall thereafter be applied to the $34,000 to be paid by B2013 to BFG. If the amount held by the Trustee (actually at present by Salus) is not sufficient to pay the entire $34,000 rent support, then the balance of the rent shall be paid by B2013 to BFG on or before the end of April, 2013.  *The store deposits on Exhibit B are the sole property of B2013, but were sent to Salus by the bank (the Deposits).*

7. The parties will seek a Court Order, at the time this Agreement is presented for approval, that the Net Proceeds *and the Deposits referred to on Exhibit B* be paid to the parties for disbursement pursuant to the terms of this Agreement due to the circumstances, if not previously received by the Trustee or parties.

8. The term "Net Proceeds" as used in paragraphs number 5 through 7 applies only to Web Sales which were conducted between March 1 and March 8, 2013.

9. B2013 will rent Bay 103 from the Landlord starting March 1, 2013, and continuing at a minimum through April, 2013, and will deliver a signed lease to the warehouse landlord similar to that provided to B2013 by the landlord in March, 2013.

10. B2013 will be responsible for the removal and/or cost of removal of any office carrels, fixtures or partitions, equipment, computers, shelving and other personal property left in 2815 Scott Avenue, with the exception of the Trustee's records, whether on paper or computer. B2013 will vacate 2815 Scott Avenue no later than May 1, 2013. In the event B2013 remains in 2815 Scott Avenue from and after May 1, 2013, B2013 will be solely responsible for rent, holdover costs and/or awards or damages that may be awarded to, demanded or paid to the landlord at 2815 Scott Avenue. B2013 agrees to hold harmless and indemnify BFG and the Bankruptcy Estate and Trustee, and the agents of each, from any

dc1815.X                                                                                                           5

claims against or any costs, including attorneys' fees, incurred by the Trustee or Estate as a result of B2013 remaining at 2815 Scott Avenue from and after May 1, 2013.

11. Services or use of space or employees or equipment or fixtures is provided without charge to the other party unless specifically provided otherwise herein, or unless Marc Bernard and the Trustee agree to handle otherwise prior to the services or use.

12. To the extent the terms of this document conflicts with the APA it is agreed by both parties that the terms of this Transition Services Agreement shall control.

13. This document shall be and is a contract between the parties, but is subject to Court approval by the United States Bankruptcy Court for the Eastern District of Missouri.

In Witness whereof the parties have set their hands this 7th day of April, 2013.

Bakers 2013 LLC

By: _____

Marc Bernard

Baker's Footwear Group, Inc.

By: _____
Robert J. Blackwell, Trustee

dc1815.X                                                                 6

## EXHIBIT "A" – BAKER'S WAREHOUSE

**Bakers Warehouse – Equipment, inventory, fixture ownership Bakers 2013, LLC will receive and/or own the following:**

The following items are those that will be moving from Suite 104 (warehouse) to the new Web operation for Bakers 2013 ("B2013").

Forklift and Charger
Order Picker and Charger
Walkie Rider and Charger
Case Former, Compressor and Air Dryer

The following items are currently in Suite 103 and considered a part of the Ecommerce operation acquired by Zigi/B2013.

All conveyor currently located in Suite 103
All Shelving currently located in Suite 103
All Pallet racking located in Suite 103
Case Sealer, Compressor and air dryer in 103
Inventory in Bay 103

There is a trash compactor with associated container at Suite 104 with the controls inside the building. This equipment is the property of Aspen Waste Management and they will be removing all and relocating to suite 103 in the next 2 weeks.

Baker's Footwear Group, Inc. ("BFG") will retain and/or own the following:

All Conveyors in Suite 104
All Pallets Racking in Suite 104
All Shelving in Suite 104
Forklift and Charger           1 ea
Order Picker and Charger       2 ea
Walkie Rider and Charger       2 ea
Misc. office furniture in Suite 104

There is currently an air compressor located in Suite 104 that is the property of Clark Property and must be returned to them.

Ct1918.p                                                                                 1

Exhibit B

Store deposits in BFG account

| | |
|---|---|
| 2261 | 425.69 |
| 2261 | 776.95 |
| 2261 | 1,047.30 |
| 2261 | 700.48 |
| 2261 | 550.50 |
| 2261 | 172.68 |
| 2261 | 53.84 |
| 2261 | 172.76 |
| 2261 | 382.19 |
| 2261 | 701.71 |
| 2267 | 127.12 |
| 2577 | 550.45 |
| 2577 | 510.87 |
| 2577 | 130.39 |
| 2577 | 724.09 |

BOA    7,027.02    I have sent request to Aaron Miller at Salus

PACIFIC WORLDWIDE INC
P.O. BOX 7802
REDLANDS CA 92375S

URBANCAL OAKLAND MALL
6621 PAYSPHERE CIRCLE
CHICAGO IL 60674

TOWN CENTER AT COBB LLC
dba BAKERS UNIT NO.OG17
P.O. BOX 281552
ATLANTA GA 30384-1552

MAYFAIR MALL LLC SDS-12-1637
PO BOX 86
MINNEAPOLIS MN 55486-1637

UNION SEVENTY PARTNERSHIP
C/O GREEN STREET REALTY
3901 UNION BLVD STE 104A
ST LOUIS MO 63115

TAUBMAN CHERRY CREEK S/C
DEPARTMENT 89801
P.O. BOX 67000
DETROIT MI 48267-0898

SHOPPING CENTER ASSOCIATES
9136 PAYSPHERE CIRCLE
CHICAGO IL 60674

SOUTHPARK MALL LP
P.O. BOX 409276
ATLANTA GA 30384-9276

NYLA (DIV OF CAVORT INTERNATIONAL)
4833 EVERETT AVENUE
VERNON CA 90058

BESTFIT INTERNATIONAL INC.
900 CANADA COURT
CITY OF INDUSTRY CA 91748

IMON PROP. GRP. (TX), LP
867728 RELIABLE PARKWAY
CHICAGO IL 60686-0077

7703-KING OF PRUSSIA ASSOCIATES
dba BAKERS UNIT NO. 1148
P.O. BOX 829412
PHILADELPHIA PA 19182-9412

GGP-FOUR SEASONS L.L.C.
SDS-12-2427
P.O. BOX 86
MINNEAPOLIS MN 55486-2427

SIMON PROP GROUP (IL) LP
867905 RELIABLE PARKWAY
CHICAGO IL 60686-0079

TJ PALM BEACH ASSOCIATES
DEPARTMENT 176401
P.O. BOX 67000
DETROIT MI 48267-1764

PR WOODLAND LIMITED PARTNERSHIP
PO BOX 73858
CLEVELAND OH 44193

DEL AMO FASHION CENTER
dba WILD PAIR UNIT NO. 81
P.O. BOX 409657
ATLANTA GA 30384-9657

3341 SOUTH LINDEN RD HOLDINGS LLC
PO BOX 934974
ATLANTA GA 31194-4974

CHINESE LAUNDRY (DIV OF CELS ENT).
3485 S. LA CIENEGA BLVD.
LOS ANGELES CA 90016

NITIN ENTERPRISES INC.
389 5TH AVENUE 611
NEW YORK NY 10016

FAIRLANE TOWN CENTER LLC
DEPARTMENT 52001
P.O. BOX 67000
DETROIT MI 48267-0520

OAKRIDGE MALL LP
FILE NUMBER 55714
LOS ANGELES CA 900745714

LAKESIDE MALL PROPERTY LLC   SDS-12-2772
PO BOX 86
MINNEAPOLIS MN 55486-2772

DEL AMO FASH CENTER
dba BAKERS UNIT NO. 238
P.O. BOX 409657
ATLANTA GA 30384-9657

NORTHPARK PARTNERS LP
P.O. BOX 226864
DALLAS TX 75222-6864

CROSSGATES MALL COMPANY NEWCO LLC
M&T BANK
P.O. BOX 8000 DEPT No. 977
BUFFALO NY 14267

PINNACLE HILLS LLC
P.O. BOX 860066
MINNEAPOLIS MN 55486-0066

WEST COUNTY MALL CMBS
P.O. BOX 74045
CLEVELAND OH 44194-4045

GUARD INDUSTRIES INC
3333 WASHINGTON BLVD
ST. LOUIS MO 63103

DEMFON INTERNATIONAL
55-62 56TH STREET
MASPETH NY 11378

PACIFIC WHOLESALE
5252 BOLSA AVENUE
HUNTINGTON BEACH CA 92649

BEARPAW
7534 OLD AUBURN ROAD
CITRUS HEIGHTS CA 95610

AMIEE LYNN INC
366 FIFTH AVE-4TH FLOOR
NEW YORK NY 10001

NOT RATED-DIV OF KIA GROUP
16516 VIA ESPRILLO SUITE 100
SAN DIEGO CA 92127

JUMP FOOTWEAR
4400 ROUTE 9 SOUTH
SUITE 1000
FREEHOLD NJ 7728

PACIFIC WORLDWIDE, INC.
20 WEST 33RD STREET
11 FLOOR
NEW YORK NY 10001

EASTSTAR SOLUTIONS,LTD
DBA MOJOMOXY
11801 W. FAIRVIEW AVE.
MILWAUKEE WI 53226

GMPC, LLC
1202 W. OLYMPIC BLVD.
SANTA MONICA CA 90404

SASHA HANDBAGS, INC.
460-A MAIN AVENUE
WALLINGTON NJ 7057

BRE-Imoshion Handbags
1928 S. Santa Fe Avenue
Los Angeles CA 90021

Penny Loves Kenny by Titan Ind.
5252 BOLSA AVE.
HUNTINGTON BEACH CA 92649

KIMERA INTL-DBA LILIANO-
MISBEHAVE
827 LAWSON STREET
CITY OF INDUSTRY CA 91748

SOPHISTICATED STYLE
1220 TEXAN TRAIL #205
GRAPEVINE TX 76051

ACCENT ACC LLC
4 WARREN AVENUE
NORTH PROVIDENCE RI 2911

PENNY SUE - THE ADONI
GROUP INC
247 WEST 38TH St. 3RD FL.
NEW YORK NY 10018

E.M.S. TRADING DBA MICHAEL
ANTONIO
5161 RICHTON STREET
MONTCLAIR CA 91763

YRU INC. / CUTE TO THE CORE
13963 RAMONA BLVD #E&F
CHINO CA 91710

RFA HOLDING GROUP LLC
385 FIFTH AVE 4TH FLOOR
NEW YORK NY 10016

BOMBSHELL ACC
248 W. 35TH ST. STE 601
NEW YORK NY 10001

CERAFFI INC
120 W. 29TH ST
NEW YORK NY 10001

PETER A EDISON
PO BOX 78218
ST LOUIS MO 63178

MARK H BROWN &
ASSOCIATES LLC
279 ST. ANDREWS DRIVE
PO BOX 342
ST. ALBANS MO 63073

TERMINIX INTERNATIONAL
P.O. BOX 17167
MEMPHIS TN 38187

CONTINENTAL STOCK
TRANSFER
& TRUST COMPANY
17 BATTERY PLACE
NEW YORK NY 10004

SHOPPERTRAK RCT CORP.
200 WEST MONROE STREET
SUITE 1100
CHICAGO IL 60606

ICR-INTEGRATED CORP
RELATIONS
761 MAIN AVENUE
NORWALK CT 6851

TRIPRO GRAPHICS &
PACKAGING LLC
1550 OCELLO DRIVE
FENTON MO 63026

DYNAMIC VENDING INC.
5433 EAGLE INDUSTRIAL CT.
HAZELWOOD MO 63042

THE POWERTECH GROUP INC.
6533 Flying Cloud Dr., Ste. 200
EDEN PRAIRIE MN 55344

CUSTOMER DIRECT
714 SPIRIT 40 PARK DRIVE
SUITE 100
CHESTERFIELD MO 63005

| | | |
|---|---|---|
| GOOGLE, INC.<br>DEPARTMENT 33654<br>PO BOX 39000<br>SAN FRANCISCO CA 94139 | VERIZON BUSINESS<br>PO BOX 73617<br>CHICAGO IL 60673-7617 | HUSCH BLACKWELL, LLP<br>PO BOX 790379<br>ST LOUIS MO 63179 |
| PLAYNETWORK, INC.<br>PO BOX 809198<br>CHICAGO IL 60680-9198 | C2 IMAGING, LLC<br>BOX 774537<br>4537 SOLUTIONS CENTER<br>CHICAGO IL 60677-4005 | IMPATICO, INC.<br>DBA: STRATUS BUILDING<br>SOLUTIONS<br>1861 CRAIG ROAD<br>MARYLAND HEIGHTS MO 63146 |
| SHIPWARE LLC<br>16835 W BERNARDO DR, #209<br>SAN DIEGO CA 92127 | THE ENTERPRISE LAW GROUP<br>IRA L. BLANK<br>8151 CLAYTON ROAD SUITE 201<br>ST LOUIS MO 63117 | DONLIN, RECANO & COMPANY<br>419 PARK AVENUE SOUTH<br>NEW YORK NY 10016 |
| SHEPARD RETAIL SERVICES<br>60 EAST HANOVER AVENUE<br>SUITE B-4<br>MORRIS PLAINS NJ 7950 | UBOXES, LLC.<br>10396 W STATE ROAD 84 #103<br>DAVIE FL 33324 | BDO CONSTULTING<br>100 PARK AVENUE<br>NEW YORK NY 10017 |
| KEEN REALTY ADVISORS<br>21860 BURBANK BLVD<br>STE 300 SOUTH<br>WOODLAND HILLS CA 91367 | PACHULSKI STANG ZIEHL<br>JONES LAW<br>919 N. Market St., 17th Fl.<br>PO BOX 6708<br>WILMINTON DE 19899-8705 | KEYSTONE (US) MGMT INC.<br>dba TYCO INTEGRATED<br>SECURITY LLC<br>PO BOX 371994<br>PITTSBURGH, PA 15250-7994 |

| | | |
|---|---|---|
| Stuart I. Gordon<br>Rivkin Radler LLP<br>926 RXR Plaza<br>Uniondale, NY 11556-0926<br>Westfield, LLC<br>Richard H. Golubow/Winthrop<br>Couchot<br>660 Newport Center Dr, Suite 400<br>Newport Beach, CA 92660 | Gala Operating Co.<br>Benjamin S. Seigel, Esq.<br>Buchalter Nemer<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA 90017-2457<br>Blowfish Shoe, LLC<br>Ernie Zachary Park<br>Bewley, Lassleben & Miller, LLP<br>13215 E. Penn Street, Suite 510<br>Whittier, CA 90602-1797 | Bob & Bobby!, Inc.<br>Niclas A. Ferland<br>LeClairRyan, a Professional Corp<br>545 Long Wharf Drive, 9th Floor<br>New Haven, CT 06511<br>Recovery Management Systems<br>Attn: Ramesh Singh<br>Financial Controller<br>25 SE 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 |
| Howard Hirsch<br>Lexington Law Group<br>503 Divisadero Street<br>San Francisco, CA 94117-2212<br>Dayton Mall II, LLC ..<br>Angela Dodd<br>Securities and Exchange Comm<br>175 West Jackson Blvd., Suite 900<br>Chicago, IL 60604 | J. Michael Debbeler<br>Graydon Head & Ritchey LLP<br>1900 Fifth Third Center<br>511 Walnut Street<br>Cincinnati, OH 45202-3157<br>Gilbert R. Saydah<br>Kelley Drye & Warren LLP<br>101 Park Avenue<br>New York, NY 10178 | Joseph Brown Wells<br>Frost Brown Todd LLC<br>3300 Great American Tower<br>301 East Fourth Street<br>Cincinnati, OH 45202<br>Timothy B. Martin<br>Kelley Drye & Warren LLP<br>101 Park Avenue<br>New York, NY 10178 |
| Olivia Moody<br>Ricoh USA Inc<br>Recovery & Bankruptcy Group<br>3920 Arkwright Road, Suite 400<br>Macon, GA 31210<br>George R. Meurer<br>Kazen, Meurer & Perez L.L.P.<br>211 Calle Del Norte, Ste. 200<br>P.O. Box 6237<br>Laredo, TX 78042-6237 | Flora Oropeza<br>Deputy Tax Collector-Treasurer<br>Imperial Cty Tre-Tax Collector<br>940 West Main Street, Suite 106<br>El Centro, CA 92243<br>Joni Armstrong Coffey<br>County Attorney - Broward County<br>Government Center<br>115 South Andrews Avenue<br>Fort Lauderdale, FL 33301 | Priscilla Windley, Paralegal Col. Spl<br>Fernando Casamayor, Tax Collector<br>Miami Dade Bankruptcy Unit<br>140 West Flagler Street, Suite 1403<br>Miami, FL 33130-1575<br>Broward County - Lori A. Lewis<br>Deputy County Attorney<br>Civil Services Division<br>222 North Central Avenue, Ste. 1100<br>Phoenix, AZ 85004 |
| Maricopa County - Tammy Jones<br>Oklahoma County Treasurer<br>320 Robert S. Kerr, Room 307<br>Oklahoma City, OK 73102<br>Freemail Associates, LLC<br>c/o Macerich Company<br>Attention: Legal Department<br>401 Wilshire Blvd., Suite 700<br>Santa Monica, California 90407 | Spinoso Real Estate Group<br>100 Northern Concourse<br>North Syracuse, NY 13212<br>Genesee Valley Center<br>Attn: General Manager<br>G-3341 S. Linden Road<br>Flint, MO 48507 | 3341 South Linden Road Holdings<br>c/o CW Capital Asset Management<br>7501 Wisconsin Ave., Suite 500W<br>Bethesda, MD 20814<br>Freemail Associates, LLC<br>Attn: Center Manager<br>3710 Route 9, Suite 1000<br>Freehold, New Jersey 07728 |