**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| BAKERS FOOTWEAR GROUP, INC., | Case No. 12-49658-705 |
| Debtor. | Hearing Date: May 1, 2013 |
| | Hearing Time: 10:00 a.m. |
| | Location: Courtroom 7S, St. Louis |
| | Related Docket No. 782 |

**LIMITED OBJECTION OF PROFESSIONALS OF THE FORMER OFFICIAL
COMMITTEE OF UNSECURED CREDITORS TO TRUSTEE'S MOTION TO: (A)
APPROVE FINAL WINDING DOWN OF BUSINESS OPERATIONS, (B) APPROVE
PAYMENT OF RELATED EXPENSES AND COSTS IN CONNECTION THERETO
AND (C) AUTHORIZE TRUSTEE TO TAKE ANY AND ALL ACTIONS NECESSARY
TO COMPLETE THE WINDDOWN**

The Official Committee of Unsecured Creditors (the "Committee") of Bakers

Footwear Group, Inc. (collectively, the "Debtor"), respectfully submits this limited objection (the

"Objection") to the *Trustee's Motion to: (A) Approve Final Winding Down of Business*

*Operations, (B) Approve Payment of Related Expenses and Costs in Connection Thereto and (C)*

*Authorize Trustee to Take Any and All Actions Necessary to Complete the Winddown* [Docket

No. 782] (the "Wind Down Motion"). In furtherance of its Objection, the Committee

respectfully states as follows:

**PRELIMINARY STATEMENT**

The Trustee does not make reference in the Wind Down Motion to the fact that

there is a pending dispute between the Trustee and the Committee's professionals over use of the

remaining funds in the estate. As this Court is well aware, the Committee's professionals assert

that $200,000 of the remaining funds, which constitute a carve-out of the DIP Lender's collateral

pursuant to the final DIP order, are not property of the estate and are required to be set aside for the Committee professionals' benefit from the sale proceeds.

There are no amounts or budget attached to the Wind Down Motion. It is unclear to the Committee's professionals whether the Trustee is proposing to expend all funds on hand or just those funds in excess of the amounts in dispute. The Committee's professionals do not have any issue with the Trustee proposing to wind down operations and pay expenses from the remaining funds on hand after funding the unpaid balance of the Committee carveout ($200,000) in full.

## STATEMENT OF FACTS

### A.    General Background

1.    On October 3, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.    The Committee was appointed on October 16, 2012 by the United States Trustee [Docket No. 105].

3.    On November 15, 2012, the Court entered the *Order (1) Authorizing Replacement Post-Petition Financing, (2) Granting Liens and Providing Super Priority Administrative Expense Claim, (3) Authorizing Use of Cash Collateral, and (4) Modifying the Automatic Stay Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014* [Docket No. 281] (the "DIP Order") in the Debtor's chapter 11 bankruptcy case.

4.      On December 12, 2012, the Court entered orders approving the retention and employment of the Committee Professionals [Docket Nos. 393, 394, and 396].

5.      On January 18, 2013, the Court entered an order [Docket No. 569] converting the Debtor's chapter 11 bankruptcy case to a case under chapter 7 of Title 11 of the Bankruptcy Code.

6.      On January 21, 2013, the Court appointed Robert J. Blackwell (the "Trustee") as the acting chapter 7 trustee of the Debtor's bankruptcy estate.

7.      On March 13, 2013, the Trustee filed the *Joint Motion of Trustee and Salus Capital Partners, LLC for Entry of an Order (a) Finding DIP Lender has Been Paid in Full, (b) Seeking Authority to Return Cash Collateral to Trustee, (c) Finding DIP Lender has no Further Obligations to the Trustee, the Estate or Creditors, (d) Finding That all DIP Liens are Released, (e) Finding That the Estate has no Further Obligations to DIP Lender, and (f) Granting Related Relief* [Docket No. 718] (the "Joint Motion").

8.      Several estate professionals, including the Committee, filed an objection to the Joint Motion.  [Docket No. 734]

9.      On or about February 20, 2013, each of the Committee Professionals filed a final fee application for compensation of services rendered on behalf of the Committee [Docket Nos. 638, 653, and 673] (collectively, the "Fee Applications").

10.     On March 20, 2013, the Trustee filed objections to each of the Committee Professionals' Fee Applications [Docket Nos. 725, 726, and 729] (collectively, the "Objections").

11.     On March 25, 2013, the Committee Professionals filed the *Omnibus Reply of Professionals of Former Official Committee of Unsecured Creditors to Trustee's Limited Objections to Final Fee Applications* [Docket No. 746] (the "Reply").

12.     On April 1, 2013, the Trustee filed the *Trustee's Memorandum in Support of Objections to Applications to Pay Debtor Professionals and Committee Professionals and in Support of Trustee's Response to Bryan Cave's Motion for Determination of Carve Out* [Docket No. 762] (the "Brief").

13.     On April 5, 2013, the Committee Professionals filed the *Omnibus Sur-Reply of Professionals of Former Official Committee of Unsecured Creditors to Trustee's Memorandum in Support of Objections to Applications to Pay Debtor Professionals and Committee Professionals and in Support of Trustee's Response to Bryan Cave's Motion for Determination of Carve Out* [Docket No. 769] (the "Sur-Reply").

14.     At the hearing on April 10, 2013, this Court took the Joint Motion and the Fee Applications under submission.

15.     On April 18, 2013, the Trustee filed the Wind Down Motion, which seeks an order specifically granting the authority to continue to incur and pay certain Chapter 7 administrative expenses associated with the winding down of Debtor's business.

## ARGUMENT

16.     The Trustee has omitted any discussion to the current dispute over the remaining funds on hand asserted by the estate professionals.  The Committee's professionals do not have any objection to the relief requested in the Wind Down Motion so long as the funds to which the Committee professionals are entitled pursuant to the final DIP order are set aside in Committee counsel's trust fund account and not spent by the Trustee.

WHEREFORE, for the foregoing reasons, the Committee professionals respectfully request that the Court condition any order approving the Wind Down Motion on a set aside of $200,000 on account of the Committee Professionals' carve out funds pursuant to the DIP Order.

Dated:  April 26, 2013

PACHULSKI STANG ZIEHL & JONES LLP

/s/  Bradford J. Sandler
Bradford J. Sandler (DE Bar No. 4142)
Shirley S. Cho (CA Bar No. 192616)
Jason Rosell (NY Bar No. JR-1500)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: bsandler@pszjlaw.com
        scho@pszjlaw.com
        jrosell@pszjlaw.com

-- and --

POLSINELLI PC

/s/  Sherry K. Dreiсewerd
SHERRY K. DREISEWERD (MO #47980)
MATTHEW S. LAYFIELD (MO #57540)
100 S. Fourth Street, Suite 1000
St. Louis, Missouri  63102
(314) 889-8000
Fax No. (314) 231-1776
sdreisewerd@polsinelli.com
mlayfield@polsinelli.com

COUNSEL TO THE FORMER OFFICIAL COMMITTEE OF UNSECURED CREDITORS